**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4178**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

HENRRY ARITA LOZANO, a/k/a Jerlin Matamoros-Sosa, a/k/a
Henry Losano,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:09-cr-00146-HEH-1)

_____

Submitted:  October 21, 2014      Decided:  November 12, 2014

_____

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Caroline S.
Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Mary E. Maguire,
Assistant Federal Public Defender, Alexandria, Virginia, for
Appellant. Stephen David Schiller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henrry Arita Lozano appeals his sentence of eighteen months' imprisonment imposed upon revocation of his supervised release. Lozano's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is plainly unreasonable. Lozano was advised of his right to file a pro se supplemental brief, but he did not file one. The Government did not file a brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, our review concerning issues of fact and the exercise of discretion is more deferential than the reasonableness review accorded to Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence unreasonable must we decide whether it is plainly so. Id. at 657; see also United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012). While a district court must explain its sentence, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when

2

imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In exercising such discretion the court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Id. at 641. "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)).

The record reflects that in imposing the sentence, the district court properly focused on Lozano's breach of trust. The court also cited the need for deterrence, considered the applicable sentencing factors, and adequately explained the chosen sentence, which was within the statutory maximum. We therefore conclude that the sentence was not plainly unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

We therefore affirm the district court's judgment.  This court requires that counsel inform Lozano, in writing, of the right to petition the Supreme Court of the United States for further review.  If Lozano requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lozano.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED